CHODKOWSKI v. UNITED STATES.

(Circuit Court of Appeals Seventh Circuit. January 2, 1912.)

No. 1,762.

1. BANKRUPTCY (§ 495*)—CONCEALMENT OF ASSETS—CRIMINAL LIABILITY—BURDEN OF PROOF.

In a prosecution of a bankrupt for concealment of assets, the burden was on the government to establish defendant's guilt beyond a reasonable doubt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. § 495.*]

2. BANKRUPTCY (§ 496*)—INSTRUCTIONS—REASONABLE DOUBT.

In a prosecution of a bankrupt for concealment of assets, in that he failed to disclose an alleged interest in certain real property which he had conveyed to another, he was entitled to an instruction that, if the jury found from the evidence that the bankrupt had conveyed to the grantee the property in question by warranty deed, the law presumes that in so doing he acted legally and in good faith, and that the jury should give him the benefit of such presumption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 913; Dec. Dig. § 496.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Hylary Chodkowski was convicted of concealing assets from his trustee in bankruptcy, and he brings error. Reversed and remanded, with directions.

Plaintiff in error was indicted upon two counts: (1) For unlawfully, knowingly, willfully, and fraudulently concealing from his trustee in bankruptcy certain of his property, consisting of real estate, in violation of section 29b of the Bankruptcy Act; and (2) for unlawfully, knowingly, willfully, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fraudulently concealing from his said trustee certain property, which consisted of a legal and equitable interest in certain real estate, etc. He pleaded "not guilty," and was placed upon trial before a jury. Such further action was had upon the trial that at the close of the evidence the court gave to the jury the following instructions:

"It was the duty of the bankrupt, Chodkowski, the defendant in this case, to give to Garmire, as his trustee in bankruptcy, a disclosure of his (the defendant's) property, as, under the bankruptcy law, it was the defendant's duty to do in accordance with that provision requiring that when a citizen applies to the bankruptcy court, sets on foot—sets in motion—the bankruptcy court, with a view to securing protection from his creditors, in order that he may start life anew, freed from the burden that otherwise would be imposed upon him, it is his duty, as the law points out and provides, to disclose to the court, in response to the demand of the trustee for his property, a full statement of what he has. The law requires that. So that really we have here a dispute about one proposition, as I take it. That proposition is involved in the charge that, when Garmire made his demand on Chodkowski, Chodkowski kept still about this real estate; that it was his duty, as the indictment charges, to speak about the real estate to Garmire, as it was his duty under the bankruptcy law to speak if he owned the property; that if he had retained, and had at the time the demand was made, an equitable interest in the property, that is to say, a beneficial interest in the property, in that event, under the law, it was his duty to speak and tell Garmire about it. It is for the jury in this case to decide, and answer the question by your verdict, whether or not this transaction between Chodkowski and Wojnowski, the grantee in the deed introduced and shown to have been executed by Chodkowski to Wojnowski, was a real, bona fide, good faith transaction. And that is what this dispute is.

"You will consider all the evidence, to determine whether or not the conveyance was merely colorable, or whether it was a good faith transaction, ending his interest in the property and control over it. Of course, if in the fall of 1909 Chodkowski was in a position to convey this same property to any of these creditors, these men who testified that Chodkowski offered to convey it to them at that time, that is evidence for you to consider in determining whether or not he had divested himself of the property in the April before. Your function is to arrive at the truth of the situation as to whether Chodkowski sold the property to Wojnowski, ending his connection with and dominion over the property. If you find he did, he is entitled to a verdict of not guilty. If, on the contrary, you find that transaction was colorable, and merely to becloud the situation, and in determining that, as I said before, have regard to all the evidence on it, as to this man's contact with the property, his exercise of dominion over the property, his enjoyment of revenue from the property, or his enjoyment of the property itself, the statement made after the date of the deed to Wojnowski and the other witnesses, if you believe the statement to have been made as to his willingness then to convey to them, with all the other evidence in the case, and by your verdict answer whether or not, after his adjudication in bankruptcy, and at the time Garmire made his demand upon the defendant for his property, the defendant at that time had an interest in this particular piece of real estate contended for by the United States in this prosecution. If he had, your verdict must be 'guilty.' If he did not, your verdict must be 'not guilty.'"

To each of which plaintiff in error excepted. Plaintiff in error also then and there requested the court to give certain other instructions, which are duly set out in clause No. 11 of the assignment of errors hereafter quoted. Each of such requests was refused by the court. In due course, the jury brought in a verdict of guilty as charged in the indictment. Motions for new trial and arrest of judgment were made and overruled, and defendant was sentenced to serve a term of six months in the House of Correction for Chicago. Plaintiff in error thereupon, and on June 22, 1910, filed his petition for a writ of error to this court, asking that the same be made a supersedeas, and that he be enlarged on bail pending said writ, which motions were granted, whereby the cause is now before the court for review.

Clause 11 of the assignment of errors above referred to, reads as follows, viz.: "11. Then and there, and before the cause was submitted to the jury, the defendant requested the court to give each of the following instructions to the jury, but the court refused severally to give each of said instructions as requested, to which refusal the defendant then and there severally excepted, each of which instructions so requested and so refused is as follows: '(1) The court instructs the jury that they are not permitted to suspicion or guess that the defendant owned an interest in the real estate subsequent to the date of his deed, and then to use such suspicion or guess against the defendant; but the law places upon the prosecution the burden of proving that the defendant did own such interest, and if the evidence in the case fails to satisfy the jury beyond a reasonable doubt that the defendant did own such interest, then it is the duty of the jury to find the defendant not guilty. (Refused.) (2) The court instructs the jury that whether the real estate was worth more than $6,000 is not in issue in the case, nor is it in issue whether the defendant received the full value of the property. (Refused.) (3) The court instructs the jury that if they find from the evidence that Hylary Chodkowski and Kamilia Chodkowski, his wife, by their warranty deed conveyed to John Wojnowski lots 40 and 41, etc., known and described as No. 136 107th street, in the city of Chicago, then the law presumes that when he did so he acted legally and in good faith, and, further, the law requires the jury to give the defendant the benefit of this presumption when they consider of their verdict. (Refused.) (4) The court instructs the jury that, if they find from the evidence that since the filing of the bankruptcy proceedings the defendant has not owned an interest in the property known and described as No. 136 107th street, in the city of Chicago, then it is the duty of the jury to find the defendant not guilty. And the court further instructs the jury that, if they entertain from the evidence a reasonable doubt whether the defendant since the beginning of the bankruptcy proceedings owned said real estate or a legal and equitable interest in said property, then it is the duty of the jury to find the defendant not guilty. (Refused.) (5) The court instructs the jury that whether the defendant and his wife are enjoying the use of the premises known and described as No. 136 107th street, in the city of Chicago, is not in issue in the case, and the jury are not to use the mere enjoyment and use of the premises against the defendant. (Refused.)' "

S. William Polkey, for plaintiff in error.

James H. Wilkerson and Elwood G. Godman, for the United States.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] Clauses 1, 3, and 4 of the instructions tendered by the defendant below, as numbered by us in the statement of facts herein, deal only with the questions of reasonable doubt and burden of proof. They state the law correctly, and the jury should have been so instructed. The burden of proof was on the government to establish the guilt of plaintiff in error beyond a reasonable doubt. These propositions are too well settled to require citation of authorities.

[2] Plaintiff in error was entitled to have the jury instructed that, if they found from the evidence that Chodkowski and wife conveyed to Wojnowski the lots in question by warranty deed, then the law presumes that in so doing appellant acted legally and in good faith, and required that the jury should give him the benefit of that presumption. American Hoist & Derrick Co. v. Hall, 208 Ill. 601, 70 N. E. 581; Schroeder v. Walsh, 120 Ill. 403, 11 N. E. 70. The refusal of the court to so instruct the jury constituted reversible error.

The judgment is reversed, and the cause remanded, with directions to the District Court to grant a new trial.